FILED - CLERK
U.S. DISTRICT COURT
05 JUL 14 PM 2:04
TX EASTERN - BEAUMONT

EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TAMMY WILTURNER | § § | |
| V. | § | CIVIL ACTION NO.1:05CV-443 |
| | § | |
| BEST BUY STORES, L.P. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tammy Wilturner, Plaintiff in the above-entitled and numbered cause, and files Plaintiff's Second Amended Complaint, complaining of Best Buy Stores, L.P. ("Best Buy"), Defendant, and for cause of action would show the following:

### Parties

1. Plaintiff, Tammy Wilturner, is an individual residing in Jefferson County, Texas.

2. Defendant, Best Buy Stores, L.P., is a private corporation operating in Texas and has been served and filed an Answer in this suit.

### Jurisdiction and Venue

3. Jurisdiction is not proper in this Court because the amounts sought are not within the jurisdictional limits of this Court. Jurisdiction is proper in the District Court of Jefferson County, Texas. Venue is proper in Jefferson County, Texas because the acts or omissions of Defendant occurred in Jefferson County, Texas and the amount of controversy does not exceed $75,000.

### Facts and Cause of Action

4. Plaintiff has worked for Best Buy as a member of management. Plaintiff has worked for Best Buy for approximately thirteen (13) years. In 2002, Plaintiff filed a claim with the EEOC against Best Buy regarding pay discrimination based on her race and sex. As a result of the claim,

Plaintiff was removed from her chain of supervisory authority as Specialty Coach Trainer. As Specialty Coach Trainer, Plaintiff trained managers and other employees from around the country. Since the initial complaint, Plaintiff became subject to a continuous pattern of racial discrimination in that she was treated in a disparate manner unlike her white co-workers. Plaintiff was stripped of many of her job duties in retaliation for her complaints and as a result of racial discrimination.

5. The discrimination worsened when Plaintiff applied for the position of General Manager in February 2004. Despite that Plaintiff was the most qualified applicant, the promotion was awarded to a white male who had worked for Best Buy only three (3) years. Plaintiff was refused an interview for the position. She was informed that she would not be interviewed because the company desired to hire someone from outside of Best Buy. Plaintiff complained to her supervisor regarding the denial of the General Manager promotion. Plaintiff was told that the other managers (white males) could relate to the other applicant better than Plaintiff.

6. In March 2004, after complaining about the denial of the General Manager position, Plaintiff was demoted from the Assistant Manager position she held for twelve (12) years.

7. Plaintiff has been discriminated against on the basis of race in violation of the Texas Commission on Human Rights Act. Plaintiff has also been retaliated against for her original complaint in 2002.

8. Plaintiff has been discriminated against on the basis of her race, African-American, in violation of the Texas Commission on Human Rights Act. Plaintiff has also been subjected to a hostile work environment due to her race and sex; unlawful failure to promote on the basis of her race and sex; and retaliation and unequal pay on the basis of her race and sex; all of which is in violation of state law.

9. The actual damages of Plaintiff include mental anguish in the past, present, and future; pecuniary losses (including loss of wages and benefits) in the past, present, and loss of earning capacity (or front pay) in the future; other non-pecuniary losses in the past, present and future; and such other losses and damages to be proven at trial. For all of these damages and losses proximately caused by the actions and omissions of Defendant in violation of the Texas Commission on Human Rights Act, Plaintiff now sues. Plaintiff also sues to recover all reasonable and necessary attorneys' fees, costs and expenses incurred in prosecuting this cause of action.

10. Plaintiff would also show that the culpable acts and omissions of Defendant at issue were committed knowingly, maliciously, and intentionally, in violation of state law. As such, Plaintiff seeks the imposition of punitive or exemplary damages within the discretion of the trier of fact, to punish Defendant and to deter any such future misconduct. For such punitive or exemplary damages, Plaintiff now sues.

11. Plaintiff seeks a total recovery of actual and exemplary damages in the amount not exceeding the sum of $75,000, exclusive of interest and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that Plaintiff recovers actual damages, punitive damages, attorneys' fees, costs and expenses, and for such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

### Request for Jury

Plaintiff requests a trial by jury.

Respectfully submitted,

WELLS, PEYTON, GREENBERG
& HUNT, L.L.P.


By: /s/Melody G. Chappell
    Texas State Bar No. 00785096
    P.O. Box 3708
    Beaumont, Texas 77704
    (409) 838-2644
    Fax: (409) 838-0416

ATTORNEYS FOR PLAINTIFF,
TAMMY WILTURNER


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record as follows:

<u>Attorney for Defendant</u>
Ms. Elizabeth Pratt
MehaffyWeber, P.C.
P.O. Box 16
Beaumont, Texas 77704
*VIA E-FILE NOTIFICATION*

DATED: July 12, 2005.

                /s/ Melody G. Chappell
                MELODY G. CHAPPELL